## KNISELY v COMMUNITY TRACTION CO

Ohio Appeals, 6th Dist, Lucas Co
No. 2527. Decided April 13, 1931

W. W. Campbell, Toledo, and Otto L. Hankison, Toledo, for Knisely.

Tracy, Chapman & Welles, Toledo, for Community Traction Company.

LLOYD, J.

Plaintiff urges as error, first: misconduct of counsel for defendant in reading to the jury an invoice as to repairs made to the automobile operated by plaintiff, which had not been received in evidence but had been used by a witness merely to refresh his recollection as to that to which he was testifying. The record shows that upon objection thereto, the trial judge instructed the jury "to disregard such statement so made by counsel for the defendant," and no further action by the court with respect thereto was requested.

The second error of which complaint is made is that certain ordinances of the city of Toledo offered by the defendant were received in evidence over the objection of plaintiff, the same not having been pleaded by defendant in its answer. The answer of the defendant was, first, a general denial as to the negligence alleged in the petition, and, second, the alternative defense of contributory negligence, which, if in accordance with the facts as known to the defendant, is the well-recognized practice in this state.

The pleadings therefore presented these issues: first, whether the defendant was guilty of negligence proximately causing plaintiff's injuries; second, whether her negligence was the proximate cause thereof and, if not, whether she was guilty of contributory negligence, the burden resting upon the defendant to prove the alleged contributory negligence of the plaintiff. Under its general denial, the defendant was privileged to offer evidence tending to show that the injuries sustained by plaintiff resulted solely from her own negligence, which being true, entitled the defendant to offer in evidence the ordinances in question, although not pleaded in its answer. **Hanna v Stoll, 103 Oh St, 344.** The defense of contributory negligence as pleaded by the defendant was general and did not state the facts upon which the claim was based. No motion was made to make this alleged defense definite and certain, nor, if as claimed by the defendant the rule of evidence is different, as to the admissibility of ordinances not pleaded in support of a plea of contributory negligence, was any request made of the trial judge to limit their purpose by proper instructions to the jury.

The plaintiff claims also that the trial court erred in giving to the jury before argument three written instructions requested by the defendant. The first of these was:

"The court charges you that under the law, the plaintiff was required to use reasonable care for her own safety, and in so doing, to exercise her powers of sight and hearing at such times and manner as would be effective to determine whether the turn which she was in the process of making at the time of the collision in question could be made with safety.

If you find from the evidence that the plaintiff failed to exercise reasonable care for her own safety and that her failure to do so directly contributed in the slightest degree to cause the collision and injuries of which she complains, then your verdict must be for the defendant, and this is true even though you may find that the defendant was guilty of negligence in one or more of the particulars alleged in the petition."

We think that this request is improper and erroneous and should not have been given. It is in effect the same as if it had read:

"The court charges you that under the law the plaintiff was required to exercise her powers of sight and hearing at such times and manner as would be effective," etc.

We do not think that any such absolute duty devolved upon the plaintiff. She had a right to operate an automobile upon the streets of Toledo, but in so doing was

bound, at all times, to exercise ordinary care. Since, however, at least two issues were presented by the pleadings and the evidence, and a finding in favor of the defendant on either of them justified a general verdict in its favor, the judgment on the verdict may not be reversed for error in this instruction of the court which related exclusively to the issue of contributory negligence.

The second request to charge objected to by plaintiff involved §6310-22, GC. The request was in the words of the statute. As intimated at page 187 of **Liberty Highway Co. v Mastin, 34 Oh Ap, 183,** the plaintiff not having requested the court to instruct the jury as to the legal interpretation to be placed on this statute, the giving thereof was not prejudicial error.

The third request claimed to be erroneous contains verbatim a traffic ordinance of the city of Toledo, reading

"It shall be unlawful for an operator of a vehicle to turn, stop, back or change the course of such vehicle without first determining that such movement can be made without injuring person or property, and such operator shall by visible signal, by hand or otherwise, outside of the vehicle, signal at least fifty feet before making such movement, except that in backing, such signal shall be given in ample time to notify vehicles or pedestrians approaching from the rear."

This request includes no comment by the court thereon except that any "violation of this ordinance is negligence as a matter of law." What has been said as to request No. 2, applies equally to this instruction.

The plaintiff also claims that her petition charges that the injuries sustained by her were occasioned by the wilful and intentional acts of defendant's agents, and that therefore the court erred in submitting to the jury the question of contributory negligence on the part of plaintiff. The action was not tried upon that theory and nowhere in the record do we find any such suggestion or claim, nor do we so interpret the petition.

Plaintiff also complains of the general charge of the court in that it is stated therein that

"Plaintiff can not recover if she herself was guilty of negligence causing her injury, or, in other words, if she is guilty of what is called contributory negligence, that is, if by her failure to exercise ordinary care and caution under the circumstances she contributed to produce the injury which she suffered."

The general charge, however, must be considered in its entirety and the trial judge in at least two other portions thereof correctly stated the law, that the negligence, if any, of plaintiff, to bar a recovery, must have directly or proximately contributed to cause her injuries.

Finding no errors in the record prejudicial to the plaintiff in error, the judgment is affirmed.

RICHARDS and WILLIAMS, JJ, concur.